IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JEROME HAIRSTON,

      Petitioner,                           No. 2: 10-cv-3056 JAM KJN P

     vs.

K. HARRINGTON,

      Respondent.                    FINDINGS AND RECOMMENDATIONS

                                /

          Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed November 12, 2010.  The petition raises five claims.  Claim five is not yet exhausted.  Pending before the court is petitioner's January 24, 2010 motion to stay.

          Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982).

          Petitioners may seek a stay of the petition pursuant to <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and

1

ask the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-278 (2005). A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Id.; see also Pace, 544 U.S. at 416.

In the pending motion, petitioner alleges that he filed a habeas corpus petition in the California Supreme Court on July 26, 2010, raising claim five. Petitioner alleges that the California Supreme Court has not yet ruled on the petition. Based on these circumstances, the undersigned finds that petitioner has demonstrated good cause in support of his protective petition. Moreover, the claims state potential cognizable bases for federal habeas relief. This is petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay this action (Dkt. No. 11) be granted; petitioner be ordered to request that the stay be lifted within twenty-one days of the order filed by the California Supreme Court addressing his pending habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ha3056.sta